At common law an assignment is the transferring and setting over to another of some right, title or interest in things in which a third party, not a party to the assignment, has a concern and interest. 1 Bac. Ab., 329. And the term implies the relation of debtor and creditor. By our Code all things in action arising out of contract are assignable.
Upon the death of A. J. Boyd the firm of the Boyd company was dissolved and the survivors had no authority to create or contract new debts binding on the original company. It then became their duty to close out and wind up the firm business by collecting its assets and paying its debts and finally distributing the balance to the parties entitled to it. The survivors, however, have the right to purchase new material and make new debts so far as may be necessary to work up unfinished material and sell the same. This is for the benefit of the creditors and the estate itself, and this to some extent was done in this case. Now, what was the effect of the conduct of S. H. Boyd and the plaintiffs in the matter? The Boyd company was indebted by account *Page 472 
to the Hermitage company and the latter was indebted to the plaintiffs by account, the former being dissolved by death, and the duty of settling its affairs devolves upon the survivors. The plaintiffs on 1 September, 1893, applied to the Hermitage company to have their account settled, stating that they wanted their money, and they received the drafts in question with a promise that they should be paid in 30 days, etc. S. H. Boyd says: "The draft was indorsed to the plaintiffs `for value' . . . It was indorsed to pay a debt and close up an open account due by Hermitage company to plaintiffs and the (810) draft was given in part renewal of a former draft." Of these transactions the defendant had full notice on 1 September, 1893, when the company was solvent, and so far as appears is still solvent.
To this Court it appears that something more than accommodation paper was intended. The demand for payment of plaintiffs' account, the indorsement of draft "for value" and "to pay a debt and close up an open account" due the plaintiffs, certainly have a significant meaning, all of which was known to the defendant. Was it not plain transferring and setting over of the account against the Boyd company to the plaintiffs and thus paying a debt and closing up the account due by the Hermitage company? It was simply using the account against the Boyd company instead of money to pay the plaintiffs. The case is not similar to banking operations where promptness in daily transactions is required, where the bank pays out its deposits upon checks, drafts, etc., for they owe no debt to anyone except the depositors and are not liable on such paper to anyone until they have accepted it. Let it be admitted that S. H. Boyd had no authority after dissolution to accept drafts and assume new obligations for the Boyd company, still he had authority as manager of the Hermitage company to use its paper and credits to discharge its debts. This is no affair of the defendant. It owed a debt and was in duty bound to pay it to whomsoever it might belong, and here it was served with notice of the true ownership.
It is suggested that as the drafts drawn were payable at a future day they were therefore new debts. Not so, because they were upon the original consideration, and that fact could not affect the defendant, because its debt was due and it had the privilege of paying it any day at will, regardless of a proffered indulgence by other parties. If the holder had declined the defendant could have made a (811) legal tender and deposit of the money and at once discharged its liability and stopped interest and cost. Parker v. Beasley,ante, 1.
We are of opinion that plaintiffs are entitled to recover $1,470.92 with interest and no more, because we cannot see certainly that any *Page 473 
balance was a debt proper against the defendant at A. J. Boyd's death. His Honor's refusal to give plaintiffs' prayer for instruction to the extent above indicated, was error, and this conclusion makes it unnecessary to consider other exceptions.
Reversed.